IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY

UNITED STATES OF AMERICA

v.                                                                    CRIMINAL NO. 5:12-cr-00172

VIVEK SHAH

### SENTENCING MEMORANDUM OF THE UNITED STATES

Comes now the United States of America by Steven R. Ruby, Assistant United States Attorney for the Southern District of West Virginia, and hereby submits this Sentencing Memorandum.

The United States and Defendant have entered into a binding plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). If the Court accepts the agreement, Defendant would be sentenced to 87 months' imprisonment. (The plea agreement does not address other terms of Defendant's sentence.) Defendant mailed frightening threats to seven different victims and carried out a scheme of unusual sophistication and complexity, but does not appear to have intended to hurt anyone. A sentence of 87 months' imprisonment—more than seven years—falls within Defendant's advisory sentencing guidelines range and is consistent with the sentencing factors set forth in 18 U.S.C. § 3553(a).

Section 3553(a) commands that a sentence be sufficient, but not greater than necessary, to satisfy a number of important purposes: the needs to reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter crime, protect the public, and provide the defendant being sentenced with needed training or treatment. Section 3553(a) also requires

the Court to consider a number of other factors, including the advisory United States Sentencing Guidelines.

The number of victims that Defendant threatened, coupled with the elaborate tactics he used to carry out his scheme and evade detection, justify a lengthy sentence. Defendant pleaded guilty to threatening seven different victims with the deaths of their loved ones unless they wired millions of dollars into offshore bank accounts. He threatened specific family members of his victims by name and used language carefully designed to persuade his targets that his threats were serious. His victims, facing explicit, written threats to kill their children, spouses, and siblings, were, understandably, deeply frightened.

Defendant also managed to obtain access to offshore bank accounts that were critical to his scheme by defeating international safeguards against financial crime. And he used a variety of sophisticated means to evade authorities. He created false identities. He falsified documents and fraudulently opened financial accounts in his victims' names. He made purchases using prepaid debit cards that he registered under aliases. To avoid being traced when he committed criminal acts using his computer, he sought out anonymous, public Internet hotspots; altered the address associated with the computer's network card; and routed his Internet communications through special servers that camouflage users' identities. He also created numerous accounts with the U.S. Postal Service under false names.

Because Defendant targeted seven different victims, demanded large sums, and used sophisticated tactics, the advisory sentencing guidelines prescribe a period of imprisonment between 87 and 108 months. Given the gravity of Defendant's crimes, a sentence any shorter than 87 months would fail to reflect the seriousness of the offense, promote respect for the law, and deter crime.

Nonetheless, other factors weigh in Defendant's favor, persuading the government that a sentence at the low end of the guidelines is appropriate. Most notably, after interviewing Defendant at length and reviewing evidence provided by his counsel, the government does not believe that Defendant ever formed the intent to physically harm or kill anyone, or that he took any steps to carry out his threats. This fact is critical; had Defendant evinced any indication that he meant to do actual violence, a much longer sentence would be warranted. Defendant has, moreover, expressed sincere remorse for his threats and their effect on his victims. Furthermore, by entering into a plea agreement, Defendant has avoided the necessity of a lengthy and complex trial that would have required dozens of witnesses, including many of the victims, to travel here from points around the country. Public resources thus have been for other matters.

In sum, although Defendant's threats were grave, he intended only to frighten his victims in a far-fetched bid to get rich. Whatever Defendant may have believed, there was no realistic prospect that his scheme would succeed. A sentence beyond 87 months' imprisonment would be greater than necessary to reflect the seriousness of the offense, provide just punishment, promote respect for the law, and deter crime. Eighty-seven months' imprisonment, moreover, should be adequate to dissuade Defendant from further extortionate threats or financial crimes, thus protecting the public from future wrongdoing by him.

Notably, Defendant has expressed to the government his intention to pursue a graduate or professional degree while incarcerated, to the extent such a program is possible, thus preparing himself for a new, lawful career upon release. Taking into account the delays inherent in seeking education from prison, the agreed-upon sentence of 87 months would afford Defendant an appropriate amount of time to achieve that goal.

For these reasons, the government respectfully recommends that the Court accept the plea agreement in this case and impose a sentence of 87 months' imprisonment.

Respectfully submitted,

R. BOOTH GOODWIN II
United States Attorney

By:
s/ Steven R. Ruby
Steven R. Ruby
Assistant United States Attorney
West Virginia Bar No. 10752
300 Virginia Street, East
Room 4000
Charleston, WV 25301
Telephone: 304-345-2200
Fax: 304-347-5104
Email: steven.ruby@usdoj.gov

CERTIFICATE OF SERVICE

It is hereby certified that the foregoing "Sentencing Memorandum of the United States" has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing this 5th day of September 2013 to:

>Debra A. Kilgore, Esquire
>Burton Kilgore & Lazenby, P.L.L.C.
>P.O. Box 5129
>Princeton, WV  24740-5129

>/s/Steven R. Ruby
>STEVEN R. RUBY
>Assistant United States Attorney
>West Virginia Bar No. 10752
>300 Virginia Street, East
>Room 4000
>Charleston, WV 25301
>Telephone:  304-345-2200
>Fax:  304-347-5104
>Email: steven.ruby@usdoj.gov