UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA

v.                                                      CRIMINAL NO. 5:12-cr-00172,
                                                                      5:13-cr-00127

VIVEK SHAH

## DEFENDANT'S SENTENCING MEMORANDUM

Defendant, Vivek M. Shah, hereby submits this Memorandum for the Court's consideration in determining the appropriate sentence.

### I.      No Legal Objections

On May 9, 2013, Mr. Shah pled guilty to count two of the superseding indictment in case No. 5:12-cr-00172 charging him with violating 18 U.S.C §875(b), transmitting a threat in interstate commerce with intent to extort, and all counts of a seven count indictment arising in California, case No. 5:12-cr-00127, each count charging Mr. Shah with violating 18 U.S.C §876(b), mailing a threatening communication. Mr. Shah has no objection to the advisory sentencing guideline range of 87 to 108 months as set forth in the Presentence Investigation Report (PSR). The government and Mr. Shah, as part of Mr. Shah's plea, also entered into a Rule 11(c)(1)(C) binding plea agreement by which the parties agreed the sentence imposed should be 87 months with 3 years supervised release. Defendant also agreed to the imposition of special conditions of supervised release as outlined in the plea agreement, all of which relate to him not contacting, harassing, or coming within one-half mile of the victims' residences or places of business.

The parties' Rule 11(c)(1)(C) agreement of 87 months and 3 years supervised release is within the applicable advisory sentencing guidelines. Pursuant to U.S.S.G §6 B1.2(c)(1), the court may accept an agreed sentence if it is within the applicable guideline range.

II. <u>18 U.S.C. §3553(a) Sentencing Factors</u>

The parties' agreed sentence is also appropriate in light of the applicable sentencing factors of 18 U.S.C. §3553(a).

a.      Nature and circumstances of the offenses of conviction.

As outlined in the stipulation of facts to the plea agreement, and as detailed in the PSR, Mr. Shah used the mail and false identities to send extortion notices to seven different victims; wiring instructions to four of those victims; and to setup foreign accounts where the money attempted to be extorted could be deposited. Mr. Shah also expressly threatened death to listed family members of each of the victims.

As noted in the PSR, Mr. Shah acknowledges and understands the fear caused by his words. However, as is further noted in the PSR, Mr. Shah never intended to harm anyone. (PSR paragraphs 102-105.) The firearms training class for which he registered was not to further his scheme, but for the purpose of furthering his practical experience for his acting career. In fact, Mr. Shah specifically told the firearms instructor in an email that he did not plan on owning a gun. (PSR footnote 17 and paragraph 93.) There is no evidence Mr. Shah took any steps to carry out the threats contained in the extortion notices. He also obtained no money.   Thus, the advisory sentencing guideline calculation which takes into account the number of victims, the amount of money attempted to be extorted, as well as the express threats of death, sufficiently takes into account the nature and circumstances of the offenses of conviction.

b. History and characteristics of the Defendant.

Mr. Shah is a young adult, now just 26 years of age. He is well educated and was pursuing his dream of an acting career. Mr. Shah also had obtained several acting parts and was managing to support himself. He has no criminal history, except an incident with his father that occurred when he was a juvenile. Mr. Shah has no history of alcohol or drug abuse.

Significantly, approximately 30 letters have been submitted to the Court on behalf of Mr. Shah. These letters were written by members of Mr. Shah's extended family, many of whom have known Mr. Shah all of his life. Everyone writes of their history with Mr. Shah and his kindness to and respect of others. It is apparent from these letters that Mr. Shah's criminal conduct is an aberration, a significant deviation from an otherwise respectful and courteous life.

c.      The need for punishment, deterrence and protection of the public

Mr. Shah understands the seriousness of his offense, particularly the fear caused by his threats. He also wishes to express to the victims his sincere apology and to assure them he was no threat to their safety or their family's safety in the past, nor will he be such a threat in the future. To this end he has been working with the AUSA in drafting a letter to be forwarded by the AUSA to the victims, but only if they agree to accept it.

That the agreed sentence of 87 months provides adequate punishment, deterrence, and protection of the public is evidenced by fact that of the 7 victims, only 3 responded to the probation officer's request for impact statements. C.C. specifically states his belief that an 87 month sentence is appropriate, and none of the victims asked for restitution. While the AUSA reports that 2 others fear retaliation by Mr. Shah if

3

they provide an impact statement, again, Mr. Shah wants to assure them they need not fear him now or in the future.

      d.      Rehabilitation.

Although not specifically stated as a sentencing factor of 18 U.S.C. §3553(a), rehabilitation is also a goal of sentencing.  Mr. Shah would like to pursue a master's degree by correspondence with Ohio University.  To this end, Mr. Shah asks the Court to recommend he serve his sentence at a facility that will allow him to pursue post graduate education as well as a facility that is not located near major metropolitan areas so as to reduce the likelihood of inmate gang activity and violence. Further, as noted in the PSR, prior to his arrest, Mr. Shah suffered back pain and received regular chiropractic treatment. He still suffers from this condition and requests the Court to recommend a facility that will also allow him to receive appropriate treatment.

In researching facilities, FCI Butner in North Carolina appears to be most suited to achieve these goals.  Mr. Shah's family has visited him frequently while incarcerated in West Virginia and talked to him several times per week by phone.  His family, even though located in Illinois, intend to visit Mr. Shah regularly, regardless of where he is incarcerated.

      III.      Conclusion

Mr. Shah submits the agreed sentence of 87 months with 3 years supervised release satisfies the applicable sentencing factors of 18 U.S.C. §3553(a)(2). That is, it reflects the seriousness of the offenses of conviction promotes Mr. Shah's respect for the law and provides just punishment. Further given Mr. Shah's history and characteristics, as well as his genuine remorse, there is little to no risk of recidivism and,

4

therefore, the sentence will adequately protect the public from further crimes of Mr. Shah.

Also, because Mr. Shah has no history of alcohol or drug abuse, he requests that random substance screening not be made a condition of his supervised release.

Respectfully submitted,

Vivek M. Shah
By Counsel

/s/ Debra Kilgore
Debra Kilgore
West Virginia Bar ID #156
Burton Kilgore & Lazenby, PLLC
1439 Main Street, Suite 2
Post Office Box 5129
Princeton, West Virginia 24740

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA

v.                                         CRIMINAL NO. 5:12-cr-00172,
                                                         5:13-cr-00127

VIVEK SHAH

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing **Defendant's Memorandum Sentencing** has been electronically filed with the Clerk of Court on the 5th day of September, 2013 using the CM/ECF system and served upon opposing counsel as follows:

> Steven R. Ruby, AUSA
> Office of the United States Attorney
> United States Courthouse Room 4000
> 300 Virginia Street East
> Charleston, West Virginia 25301
> Steven.ruby@usdoj.gov

> /s/ Debra Kilgore
> Debra Kilgore
> West Virginia Bar #156
> Burton Kilgore & Lazenby, PLLC
> P.O. Box 5129
> Princeton, West Virginia 24740
> (304) 425-2143
> dkilgore@citlink.net

6